CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 19, 2019

**LETTER OPINION & ORDER**

VIA CM/ECF
All counsel of record

Re: *Hooker v. Novo Nordisk Inc.*
 Civil Action No. 16-4562 (MAS) (TJB)

Dear Counsel:

This matter comes before the Court upon Plaintiff William E. Hooker's ("Plaintiff") Appeal of Magistrate Judge Bongiovanni's October 26, 2018 Letter Order. (ECF No. 35.) Defendant Novo Nordisk Inc. ("Defendant" or "NNI") opposed (ECF No. 36), and Plaintiff replied (ECF No. 38). Defendant filed a Motion for Leave to File a Sur-Reply and attendant brief (ECF Nos. 40, 41), which Plaintiff opposed (ECF No. 42).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms Judge Bongiovanni's October 26, 2018 Letter Order (ECF No. 32).

## I. Background

This matter's underlying facts and procedural history are known to the parties, and therefore, the Court only recites those facts necessary to resolve the instant dispute. Plaintiff alleges Defendant discriminated against him due to Plaintiff's age and race, and his claims arise under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD"); and 42 U.S.C. § 1981. (Compl. ¶ 9, ECF No. 1.)

Plaintiff worked for Defendant in its office near Princeton, New Jersey from 2006 to 2015, when Defendant terminated Plaintiff's employment. (*Id.* ¶¶ 7, 12, 23.) In 2012, Plaintiff applied

---

[1] The Court grants Defendant's Motion for Leave to File a Sur-Reply (ECF No. 41), but finds the dispute leading to Defendant's need to file that motion—Plaintiff's assertion that Defendant inappropriately referred to exhibits (*see generally* Pl.'s Reply Br., ECF No. 38)—irrelevant to the Court's resolution of the instant motion.

for a promotion, however, Karsten Munk Knudsen ("Knudsen")—an employee from Novo Nordisk A/S, Defendant's parent company located in Denmark—denied Plaintiff's application.[2] (*Id.* ¶ 21.) Defendant also disciplined Plaintiff in 2013. (*Id.* ¶ 21.) Plaintiff complained to Human Resources about the alleged age and racial discrimination, and "[l]ess than two years later," Defendant terminated Plaintiff's employment. (*Id.* ¶¶ 22, 23.)

On December 5, 2017, Plaintiff served his Fifth Set of Document Requests to Defendant, seeking,

- Any reports, memoranda or presentations received by the Novo Nordisk A/S Executive Management Team within the last 10 years during its monthly meetings (as testified to by Knudsen) that pertained to the age of the company's employees (including but not limited to in the U.S.).

- Any reports, memoranda or presentations received by the Novo Nordisk A/S Executive Management Team within the last 10 years during its monthly meetings (as testified to by Knudsen) that pertained to the image of the company being young or youthful.

- Any reports, memoranda or presentations received by or given by the Novo Nordisk A/S Global Marketing Officer (Camilla Sylvest or her predecessors) within the last 10 years that pertained to the age of the company's employees (including but not limited to in the U.S.).

- Any reports, memoranda or presentations received by or given by the Novo Nordisk A/S Global Marketing Officer (Camilla Sylvest or her predecessors) within the last 10 years that pertained to the image of the company being young or youthful.

- Any outside consulting reports provided to either Novo Nordisk A/S or Novo Nordisk Inc. within the last 10 years that make any reference to the image of the company being young and/or youthful and/or the age of the company's employees.

---

[2] At that time, Knudsen "had recently been sent over from Denmark to work in Princeton." (*Id.* ¶ 16.)

- Copies of any speeches or presentations given by Jesper Brandgaard[3] within the last 10 years that make any reference to the image of the company being young and/or youthful and/or the age of the company's employees and/or the role of the company's older workers vis-à-vis the younger workers.

(Def.'s Opp'n, Ex. J ("Fifth Document Request"), ECF No. 36-11.) Defendant objected to those requests, and Plaintiff filed a request to compel production (Pl.'s Moving Br., Ex. 1, ECF No. 35-1), which Defendant opposed (Pl.'s Moving Br. Ex. 2, ECF No. 35-2).

On February 23, 2018, Judge Bongiovanni held a teleconference to discuss the discovery dispute. (Feb. 23, 2018 Tr., ECF No. 26.) Judge Bongiovanni also discussed Defendant's request for Plaintiff to produce unredacted versions of e-mail messages and social media messages that Plaintiff exchanged with Defendant's employees regarding this litigation. (*Id.* at 20:13-29:8.)

On October 26, 2018, Judge Bongiovanni issued a Letter Order, denying Plaintiff's Fifth Request for Production of Documents as "overbroad and disproportionate to the needs of the case." (Oct. 26, 2018 Letter Order 5, ECF No. 32.) Judge Bongiovanni also ordered, under an attorneys' eyes only designation, Plaintiff to produce unredacted versions of the e-mail messages and social media messages "Plaintiff has exchanged with current and former employees of NNI that in [any way] reference this litigation." (*Id.* at 7.) This appeal followed.

## II. **Legal Standard**

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. Cty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149 (stating a magistrate judge is "accorded wide discretion in addressing non-dispositive motions"). Abuse of

---

[3] According to Plaintiff's Complaint, "Jesper [Brandgaard] [is] a top executive in Demark" and "[o]ne of Knudsen's mentors[.]" (Compl. ¶ 19.)

3

discretion is found "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III. Discussion

As a threshold issue, the parties disagree as to the appropriate standard of review that the Court should apply.[4] Plaintiff mainly disputes Judge Bongiovanni's finding that Plaintiff's discovery request was overbroad and disproportionate to the needs of the case. Judge Bongiovanni's ruling, made pursuant to Federal Rule of Civil Procedure 26(b)(1),[5] is manifestly a discovery dispute, and therefore, "the abuse of discretion standard clearly applies." *Fagan*, 2018 WL 2859541, at *10 (internal quotation marks and citation omitted) (collecting cases); *see also Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2011 WL 1458063, at *2 (D.N.J. Apr. 14, 2011) (citation omitted) ("This deferential standard is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings."). The Court, accordingly, applies the more deferential standard of review.

Turning to Plaintiff's substantive arguments, Plaintiff first contends that Judge Bongiovanni erred when she "misconstrued the breadth of Plaintiff's document requests and incorrectly discounted the evidence upon which the document was girded." (Pl.'s Moving Br. 11.) Plaintiff also avers that "although the [ten]-year time period is broad, the class of documents sought is especially narrow." (*Id.*)

The Court finds Judge Bongiovanni did not abuse her discretion in denying Plaintiff's discovery request. Judge Bongiovanni's comprehensive opinion clearly delineates her reasoning as to why Plaintiff's request was overbroad and disproportionate. Although Judge Bongiovanni found that the ten-year time period was excessive, she did not limit her decision to solely the timeframe. (*See* Oct. 26, 2018 Letter Order 4.) Rather, she further explained Plaintiff's request was based on "scant support" that his requested documents would likely result in relevant evidence. (*Id.* at 5.)

---

[4] Plaintiff, inaccurately, states that the parties agree the appropriate standard of review is clearly erroneous; Defendant, however, avers that the appropriate standard of review is abuse of discretion. (*Compare* Pl.'s Reply Br. 1 (stating "[t]he parties concur regarding the standard of review to be applied when a party appeals a Magistrate Judge's discovery ruling" and providing the clearly erroneous standard) *with* Def.'s Opp'n Br. 7 ("As a preliminary matter, Plaintiff misstates the standard of review that applies to this appeal. Although District Courts review appeals from non-dispositive decisions . . . under the 'clearly erroneous' standard, where an appeal seeks review of . . . a discovery dispute, the 'even more deferential' abuse of discretion standard applies.")

[5] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure.

4

Namely, she stated,

> Defendant has produced significant paper discovery, including [five] years of the internal magazine issued by Novo A/S, totaling 30 editions / 600 pages, in which there was a single reference to the average age of employees across all Novo Nordisk companies compared to the average age of employees of the Global Service Centre (no reference was made to the age of employees at NNI).

(*Id.*) Judge Bongiovanni also addressed Plaintiff's contention that he and witnesses overheard Brandgaard make comments about Novo Nordisk being a young company. (*Id.*) Judge Bongiovanni, however, recognized a weakness in Plaintiff's assertion, in that those statements are based on Plaintiff's own allegations, and Plaintiff failed to submit, for example, certifications from witnesses who allegedly also heard the statement. Finally, Judge Bongiovanni acknowledged the "LinkedIn posting for a different Novo Nordisk company than Defendant from 2018 that seeks recent or soon to be graduates and references the 'young and dynamic' environment of said company . . . ." (*Id.* at 6.)

Judge Bongiovanni meticulously addressed Plaintiff's proffered support for his document requests and reasonably found Plaintiff failed to meet his burden in demonstrating the discovery he sought was warranted. As Judge Bongiovanni noted, the only support for Plaintiff's contentions—aside from his own allegations—are several, arguably innocuous, references to age in an internal magazine (that does not reference Defendant) and a LinkedIn job recruitment posting (aimed at recent or expected graduates). The Court cannot, under the facts before it, find Judge Bongiovanni abused her discretion (or even clearly erred) in finding Plaintiff's request was disproportionate to the needs of the case.

Further, Plaintiff failed to establish Judge Bongiovanni's decision to require Plaintiff to produce unredacted documents that Plaintiff exchanged with current and former NNI employees was clearly erroneous or an abuse of discretion. Judge Bongiovanni appropriately identified that Plaintiff's refusal to provide those unredacted documents resulted in him "potentially using th[e] information as a sword and a shield." (Oct. 26, 2018 Letter Order 7 (citation omitted).) Although Plaintiff avers that providing Defendant with those unredacted documents may result in retaliation against the implicated employees, Plaintiff conspicuously fails to acknowledge that Judge Bongiovanni ordered Plaintiff to produce those documents "subject to an attorneys' eyes only confidentiality designation." (*Id.*) Plaintiff has not provided the Court with any reason why the attorneys' eyes only designation does not assuage his retaliation concerns, and further fails to acknowledge that, as Judge Bongiovanni noted, Plaintiff's own actions caused Defendant's need for the e-mail and social media messages. (*Id.*) The Court, accordingly, affirms Judge Bongiovanni's October 26, 2018 Letter Order.

### IV. <u>Conclusion</u>

Plaintiff failed to demonstrate Judge Bongiovanni abused her discretion in denying his production request, or requiring Plaintiff to produce, under attorneys' eyes only, unredacted

5

versions of emails and social media messages. The Court, accordingly, affirms Judge Bongiovanni's October 26, 2018 Letter Order.

V. <u>Order</u>

Based on the foregoing, and for other good cause shown,

**IT IS** on this <u>19th</u> day of June 2019 **ORDERED** that:

1. Plaintiff's Appeal of Magistrate Judge Decision (ECF No. 35) is **DENIED**.

2. Defendant's Request for Leave to File a Sur-Reply (ECF No. 41) is **GRANTED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**